IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:  25-CV-624-NYW-NRN

METRONOME LLC,

Plaintiff,

v.

VALUED INC. f/k/a FLOYD'S OF LEADVILLE INC. d/b/a FLOYD'S OF LEADVILLE,

Defendant.

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Valued Inc. f/k/a Floyd's of Leadville d/b/a Floyd's of Leadville (the "Defendant") moves to dismiss Plaintiff Metronome LLC's First Amended Complaint.  As grounds therefor, Defendant states as follows.

### I.    INTRODUCTION

This action is one of at least ten complaints that Plaintiff, a non-practicing entity, has brought in courts across the country to enforce patents that Plaintiff acquired specifically to engage in litigation.  Each complaint the Plaintiff files is nearly identical, right down to typos such as Plaintiff misidentifying itself as a Minnesota corporation (Plaintiff is actually a New Mexico limited liability company). Each of the complaints that Plaintiff has filed contains the same conclusory allegations for indirect patent infringement that do not reach the plausible level. After Plaintiff failed to name Defendant correctly, it amended its complaint to correct the name of Defendant.  (Dkt. 17) (the "FAC").  While Plaintiff corrected one of the

two parties it got wrong in its complaint, Plaintiff failed to allege any facts supporting a reasonable inference that Defendant caused any third party to infringe on the patent in suit. The sole and solitary allegation is that Defendant has indirectly infringed on the '563 Patent "by selling Exemplary Defendant Products [sic][1] to their [sic][2] customers for use in end-user products in a manner that infringes one or more claims of the '563 Patent." (Dkt. 17 ¶ 15).

This conclusory allegation is deficient on its face and does not plausibly state a claim for indirect infringement. As reflected in the FAC, Defendant's allegedly infringing product is a consumer product sold to end-users for them to rub on their skin. It isn't incorporated into other products or suggested to be used in any manner infringing on the Plaintiff's patent. Accordingly, Plaintiff has not stated a claim for indirect infringement. Because Plaintiff's FAC fails to meet the well-established standards set by *Iqbal* and *Twombly* for indirect patent infringement, this claim should be dismissed.

## II.     FACTUAL BACKGROUND

Plaintiff is a non-practicing entity that filed its articles of organization in New Mexico less than a year ago, shortly before it allegedly acquired the patent in suit. Plaintiff has since filed ten suits in federal courts asserting infringement of the '563 patent. Plaintiff's FAC asserts theories of direct and indirect infringement for only a single claim (Claim 11) of the '563 patent. Claim 11 concerns a formulation of an extract of cannabis sativa or indica combined with one at least one of nine other generic components in one of four different bases. (Dkt. 17-2). The FAC, like the original complaint before it, contains only cookie cutter, generic allegations of infringement, without details specific to the Defendant's accused product. (Compare Dkt. 1 with Dkt. 17).

---

[1] There is only one product identified in the FAC.
[2] There is only one defendant identified in the FAC.

Plaintiff asserts induced infringement of the '563 patent, using generic and conclusory language. For instance, Plaintiff generically identifies "Defendant's customers" in its FAC as indirect infringers, (Dkt. 17 at ¶15), but does not identify any specific customer in the United States, much less describe how they allegedly infringe aside from the conclusory allegation that they incorporate the Defendant's product into an end product. (See id.). There is no end product alleged or plausible—Defendant's product is an end product not an ingredient.

### III.  STANDARD OF REVIEW

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nevertheless, a plaintiff may not rely on mere labels or conclusions and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claims "across the line from conceivable to plausible"). The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). The United States

Court of Appeals for the Federal Circuit applies the law of the respective regional circuit to motions to dismiss, and this District has repeatedly recognized the application of *Twombly* and *Iqbal* in patent cases. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259 (Fed. Cir. 2018); *Brumate, Inc. v. Walmart Inc.*, No. 22-cv-00354-WJM-SBP, 2023 U.S. Dist. LEXIS 113858, 2023 WL 4297576, at *3 (D. Colo. June 30, 2023); *BIAX Corp. v. Motorola Sols., Inc.*, No. 10-cv-03013-PAB-KLM, 2012 U.S. Dist. LEXIS 18546, 2012 WL 502727, at *2 (D. Colo. Feb. 15, 2012).

"In patent-infringement cases, allegations of direct and indirect infringement are governed by the pleading standards of *Iqbal* and *Twombly*." *Marble Voip Partners LLC v. Zoom Video Commc'ns, Inc.*, 670 F. Supp. 3d 1213, 1231 (D. Kan. 2023). "This does not require a plaintiff to plead infringement element by element." *Id.* (quotations omitted). "Nonetheless, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Id.* (quotations omitted).

## IV.  ARGUMENT

Plaintiff has not plausibly alleged indirect infringement. Whoever actively induces infringement of a patent shall be liable as an infringer. 35 U.S.C. § 271(b). "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the [other party]'s acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). Plaintiff must "prove that once the defendants knew of the patent, they 'actively and knowingly aid[ed] and abett[ed] another's direct infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). "Statutorily, indirect infringement comes in two varieties: (i) induced infringement, in which the defendant

advises, encourages, or otherwise induces others to engage in the ultimate infringing conduct, 35 U.S.C. § 271(b), *Akami Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307-08 (Fed. Cir. 2012); and (ii) 'contributory infringement,' in which a defendant manufactures or sells a product, knowing that the product is a material part of a greater patented invention, aware that others may use the product to complete the assembly of the patented invention, 35 U.S.C § 271(c), *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct 2060, 2065-68, 179 L. Ed. 2d 1167 (2011)." *Animal Care Sys. v. Hydropac/Lab Prods.*, Civil Action No. 13-cv-00143-MSK-BNB, 2014 U.S. Dist. LEXIS 2993, at *18 (D. Colo. Jan. 10, 2014).

Here, Plaintiff does not allege either form of indirect infringement. There is no plausible factual allegation that Defendant "advised, encouraged, or otherwise induced others" to engage in infringing conduct. (*See* Dkt. 17). And there is no factual allegation the Defendant manufactured or sold a product "with awareness that others may use the product to complete the assembly of a patented invention" or "knowing that the product would be used to complete a patented invention."   Indeed, the only allegation is that Defendant sells the "Exemplary Defendant Products [sic] to their [sic] customers for use in end-user products in a manner that infringes one or more claims of the '563 Patent." (Dkt. 17 ¶ 15). Aside from being an entirely conclusory allegation devoid of any factual allegations, the allegation is implausible on its face. The "Exemplary Defendant Products"—there is only one—is an end user product. It's a balm. Customers rub it on their skin. They don't incorporate it as a material part of a greater patented invention. It just goes on the customer's skin. Since rubbing balms on skin is not one of the claims covered by the '563 Patent, Plaintiff has not plausibly alleged indirect infringement.

## V. CONCLUSION

Plaintiff does not state a claim for indirect infringement. The only allegations in the FAC made with respect to indirect infringement are the type of allegations appropriate for non-consumer products that are incorporated into a different, larger product. Because Defendant's allegedly infringing products are not sold to some other company that incorporates them into a different product, Plaintiff has not plausibly alleged indirect infringement. The boilerplate and conclusory allegations made in the FAC do not apply to a consumer product sold to end-users, as alleged in the FAC. Plaintiff's allegations do not rise above the speculative level, and Plaintiff's FAC should be dismissed without leave to amend.

Dated: May 12, 2025

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed and served by CM/ECF on all parties of record as of the date first written above.

/s/ Daniel J. Vedra
Daniel J. Vedra