IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00624-NYW-NRN

**METRONOME LLC,**

        PLAINTIFF,

V.

**VALUED INC. F/K/A FLOYDS OF LEADVILLE INC. D/B/A FLOYD'S OF LEADVILLE,**

JURY TRIAL DEMANDED

PATENT CASE

        DEFENDANT.

### SCHEDULING ORDER IN A PATENT CASE

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL**

The following persons participated in a Rule 26(f) conference on May 5, 2025 by telephone:

Isaac Rabicoff representing Plaintiff Metronome LLC ("Plaintiff")

Daniel Vedra representing Defendant Valued Inc. formerly known as Floyds of Leadville Inc. doing business as Floyd's of Leadville ("Defendant")

Plaintiff is represented by:

Isaac Rabicoff
Rabicoff Law LLC
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com

1

Defendant is represented by:

Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
303-937-6540
dan@vedralaw.com

## 2. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The parties do not dispute jurisdiction.

## 3. STATEMENT OF CLAIMS AND DEFENSES

This is a patent infringement action involving one related U.S. Patent titled "Topical treatments incorporating Cannabis sp. derived botanical drug product," Patent No. 9,095,563.

a. **Plaintiff**:

This is a patent case. Plaintiff claims that Defendant directly and/or indirectly infringes, literally and/or under the doctrine of equivalents U.S. Patent No. 9,095,563 (the "563 patent"), at least claim 11 of the '563 patent in Colorado, and elsewhere in the United States. Plaintiff contends that the '563 patent is enforceable and not invalid. Plaintiff contends that Defendant owes monetary damages.  Plaintiff contends that Defendant owes pre- and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284; and that attorneys' fees should be awarded.

  b. **Defendant**:

  This is one of nearly a dozen identical lawsuits Plaintiff has filed containing all of the same threadbare and conclusory allegations of direct and/or indirect patent infringement. Defendant plans to defend this action vigorously and to invalidate the '563 Patent.

## 4. UNDISPUTED FACTS

Plaintiff is not an inventor or practicing entity.

## 5. COMPUTATION OF DAMAGES

  Plaintiff's Position: Plaintiff claims damages as a result of Defendant's infringement, and seeks at least compensatory damages, interest, and costs pursuant to 35 U.S.C. § 284, in addition to such other and further relief as the Court may deem just and proper under the circumstances.

  At this preliminary stage, Plaintiff has evidence of Defendant's sales and offers for sale of the accused products, including Defendant's website (https://floydsofleadville.com/product/lavender-balm/) offering the accused products for sale, as referenced in Exhibit 2 of the complaint. However, Plaintiff cannot provide a precise computation of damages because Defendant exclusively possesses the necessary sales data, including volumes, pricing, and profit margins related to the infringing products.

  Pursuant to FRCP 26(a)(1)(A)(iii), Plaintiff reserves the right to supplement its damages computation after obtaining relevant sales information through discovery.

Courts routinely recognize that plaintiffs in patent cases cannot be expected to provide detailed damages calculations before discovery when defendants possess the necessary sales information.

Plaintiff's damages theory is based on a reasonable royalty for Defendant's use of the patented technology. Additionally, Plaintiff intends to seek enhanced damages for willful infringement pursuant to 35 U.S.C. § 284, as Defendant was specifically informed of its infringement upon being served with the detailed claim chart in Exhibit 2 of the complaint, yet continues to sell the infringing products.

Plaintiff commits to promptly supplementing its damages computation upon receipt of Defendant's sales data.

Defendant's Position: Plaintiff has no evidence of damages. Plaintiff asserts that it has evidence of sales or advertisement for sale, but will not disclose generally what the evidence is. Plaintiff asserts that it will have a computation of damages with disclosures but has refused to disclose it in accordance with the directions of Section 5 of this Scheduling Order. Given that Plaintiff refused to disclose even a range of damages or the type of documents it intends to disclose for its Rule 26(a)(1) Disclosures, Defendant is unable to assess the proportionality of requested discovery in this case.

**6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

**a. Date of Rule 26(f) meeting.**

The Rule 26(f) meeting occurred on May 5, 2025.

**b. Names of each participant and party he/she represented.**

The following persons participated in a Rule 26(f) conference on May 5, 2025, by telephone:

Isaac Rabicoff representing Plaintiff Metronome LLC

Daniel Vedra representing Defendant Valued Inc. f/k/a Floyd's of Leadville Inc. d/b/a Floyd's of Leadville.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties' Rule 26(a)(1) disclosures will be made by May 19, 2025, as required by Rule 26.

d. **Statement concerning any agreements to conduct informal discovery:**

The parties have agreed not to conduct informal discovery at this time.

e. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:**

Plaintiff's Position:

Plaintiff proposes the following specific measures to reduce discovery and litigation costs:

1. A unified exhibit numbering system where each party uses a distinct prefix (e.g., "P" for Plaintiff and "D" for Defendant) followed by sequential numbers.

2. Electronic service of all documents (excluding those required by rule or statute to be served differently).

3. Streamlined ESI protocols, including:

   - Limiting email custodians to no more than 5 key individuals per party

   - Using agreed-upon search terms to identify relevant documents

   - Producing documents in searchable PDF or native format where appropriate

5

- Limiting the scope of document requests to the accused products and relevant time period (from the issuance of the patent to present)

4. Agreement to conduct remote depositions where feasible to reduce travel costs.

Defendant's Position: Given that Plaintiff cannot even propose a range of damages, Defendant cannot properly assess the proportionality of the requested discovery or protocols. Defendant agrees to remote depositions and cannot assess the proposals in Paragraph 3 above since it has no range of damages to determine whether these proposals are proportional to the needs of the case.

**f.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties believe that substantially all information or records relevant to discovery in this case are maintained in electronic form.

### *(i)     Steps taken to preserve electronically stored information*

The parties have litigation holds to preserve electronically stored information.

### *(ii)    Steps taken to facilitate discovery of electronically stored information; and (iii) to limit the associated discovery costs and delay;*

Documents will be produced as PDFs

### *(iv)    Steps taken to avoid discovery disputes relating to electronic discovery*

The parties will meet and confer in good faith to discuss the scope of electronic discovery and have agreed to the above limitations on electronic discovery to help to avoid discovery disputes relating to electronic discovery.

6

   *(v)   Steps taken to address claims of privilege or of protection as trial- preparation materials after production of computer-generated records.*

   The parties propose that the Court enter a stipulated Rule 502 Order in accordance with the Court's form.

g. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

With exception to the Defendant's Rule 68 offer of judgment, Defendant will not ever pay Plaintiff any money.

## 7.   CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.   CASE PLAN AND SCHEDULE

a.   Deadline to join parties.

   Joinder of parties will occur by June 29, 2025.

**Infringement Contentions**

b.   Deadline to serve Infringement Contentions, Claim Chart(s), and

   produce accompanying documents: June 26, 2025

c.   Deadline to serve Response to Infringement Contentions and

   produce accompanying documents: August 7, 2025

**Invalidity Contentions**

d.   Deadline to serve Invalidity Contentions and Claim Chart(s) and

   produce accompanying items of prior art: September 18, 2025

e.   Deadline to serve Response to Invalidity Contentions and Claim Chart(s)

7

and produce accompanying documents: October 30, 2025

**Opinion of Counsel**

f.  Deadline to make opinion(s) of counsel available for inspection and copying: April 23, 2026

**Claim Construction**

g.  Deadline for parties to exchange list of claim terms to be construed and proposed construction, specifically identifying up to ten (10) of the most critical terms to be construed: November 27, 2025

h.  Deadline to file Joint Disputed Claim Terms Chart: December 26, 2025

i.  Proposed month for technology tutorial with District Judge and Magistrate Judge: January 2026

j.  Deadline to file opening Claim Construction brief and all supporting evidence: January 23, 2026

k.  Deadline to file Response to opening Claim Construction brief and all supporting evidence: February 13, 2026

l.  Deadline to file reply brief in support of opening Claim Construction brief: February 30, 2026

m.  Proposed month for claim construction hearing and estimated time necessary for the hearing: April 2026, estimated time: 3 hours

**Final Patent Disclosures**

n. Deadline to file Final Infringement Contentions:  <u>28 days after Court's Claim Construction Order</u>

o. Deadline to file Final Invalidity Contentions: <u>21 days after receiving final infringement contentions</u>

**Fact Discovery, Expert Disclosures, and Dispositive Motions Deadlines**

p. Fact discovery deadline:

<u>Plaintiff's Proposal: June 25, 2026</u>

<u>Defendant's Proposal: November 30, 2025.</u>

q. Expert Witness Disclosure.

 1. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

  Plaintiff's Proposal: July 23, 2026.

  Defendant's Proposal: September 1, 2025.

 2. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

  Plaintiff's Proposal: August 20, 2026.

  Defendant's Proposal: October 1, 2025.

r. Expert Discovery Deadline:
<u>Plaintiff's Proposal: September 10, 2026</u>
<u>Defendant's Proposal: November 1, 2025.</u>

s. Dispositive motions deadline:
Plaintiff's Proposal October 15, 2026
Defendant's Proposal: January 1, 2026.

 <u>Defendant further proposes that this dispositive deadline be set for non-patent issues i.e. Plaintiff has not suffered damages.</u>

9

## 9.    DISCOVERY LIMITATIONS

a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Plaintiff's Position: Plaintiff does not propose any modification to the number of depositions or interrogatories contained in the Federal Rules.

Defendant's Position:  Given that Plaintiff refused to disclose even a range of damages or the type of documents it intends to disclose for its Rule 26(a)(1) Disclosures, Defendant is unable to assess the proportionality of requested discovery in this case.  Consequently, Defendant submits that the parties should be limited to five (5) interrogatories.

b.   Limitations which any party proposes on the length of depositions.

Defendant's Position:  No limitations on the length of depositions.

c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.

A maximum of 10 requests for admission ("RFA") are permitted for each side; provided however, that there is no limit on the number of RFAs that the parties may serve solely for the purpose of authenticating documents. Such RFAs shall be clearly denoted and shall be served separately from any RFAs that are subject to the numerical limits above. Prior to serving RFAs relating to authenticity, the parties agree to meet and confer telephonically to determine whether agreement may be reached before serving such requests.

d.   Other Planning or Discovery Orders
   1.   Deadline for filing proposed protective order(s): May 15, 2025

2. Other issues: N/A

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____ at _____ o'clock _ m.

b. A final pretrial conference will be held in this case on _____ at

_____ o'clock _ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

The Parties do not have any discovery or scheduling issues on which counsel were unable to reach an agreement.

b. Anticipated length of trial and whether trial is to the court or jury.

The Parties expect 5 (five) days will be required for trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado,

The Parties do not believe that any pretrial proceedings may be more efficiently or economically conducted at the other District Court's facilities in Colorado.

11

d. **NOTICE TO COUNSEL AND PRO SE PARTIES**

Motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1, by containing proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record. and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a *prose* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case. In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

e. **AMENDMENTS TO SCHEDULING ORDER**

The scheduling order may be altered or amended only upon a showing of good cause. DATED this _____ day of _____, 2025.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

Dated: May 15, 2025

Respectfully submitted,

*/s/ Isaac Rabicoff*

Isaac Rabicoff
Rabicoff Law LLC
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com

*Counsel for Plaintiff Metronome LLC*

Respectfully submitted,

*/s/ Daniel J. Vedra*

Daniel J. Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
303-937-6540
dan@vedralaw.com

*Counsel for Valued Inc.*