**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 25-CV-624-NYW-NRN

METRONOME LLC,

Plaintiff,

v.

VALUED INC. f/k/a FLOYD'S OF LEADVILLE INC. d/b/a FLOYD'S OF LEADVILLE,

Defendant.

---

**RESPONSE AND NOTICE OF NON-OPPOSITION TO MOTIONS**

---

Defendant Valued Inc. f/k/a Floyd's of Leadville Inc. d/b/a Floyd's of Leadville hereby responds to and notifies the Court that it does not oppose Plaintiff Metronome LLC's Motion For Voluntary Dismissal Of Its Second Amended Complaint Pursuant To Fed. R. Civ. Proc. [sic] 41(a)(2) (Doc. 34) or Motion to Dismiss Defendant's Declaratory Judgment Counterclaims Under Rule 12(b)(1) (Doc. 32).

Defendant does not oppose dismissal of Plaintiff's claims pursuant to Plaintiff's notice. However, Plaintiff's filing goes beyond what is necessary to effectuate dismissal and instead contains a lengthy recitation of purported reasons for dismissal that are neither legally nor factually relevant. Plaintiff appears to seek not only to avoid the consequences of bringing a meritless patent infringement lawsuit—without evidence of infringement or damages—but also to paint Defendant's principal and counsel in an unfavorable light in an effort to preempt a request for an award of attorney fees. Defendant has not made a request for attorney fees and costs, and will not make a request for attorney fees and costs in this proceeding. Those fees and costs are a question for a different day and have not been raised here.

Defendant does not believe that addressing Plaintiff's mischaracterizations and ad hominem attacks is relevant to the questions currently before the Court—namely, whether Plaintiff's claims should be dismissed because Plaintiff has abandoned them, and whether Defendant's counterclaims for noninfringement and invalidity should likewise be dismissed.  Having been the subject of these attacks, however, Defendant's principal believes it is important to clarify that the allegations reflect Plaintiff's misunderstandings.  To that end, Defendant is attaching the affidavit of Floyd Landis, which expresses Mr. Landis's position as the subject of this misunderstanding.

As to Plaintiff's attacks on Defendant's counsel, it is unfortunate that Plaintiff chose to level personal accusations, particularly when they are untethered to any request to the Court.

At bottom, Plaintiff has not requested any relief based on the unnecessary attacks on Mr. Landis and counsel, and Plaintiff respectfully suggests that the Court may do as the Defendant and counsel have done: disregard them as the sour grapes of an attorney who misunderstood not only the subject matter of his client's lawsuit, the patent in suit, and the ingredients in a packaged consumer good, and further misunderstood, perhaps reasonably, the humor with which the comments were delivered after Plaintiff named the wrong plaintiff, wrong defendant, served the wrong person, and then dismissed the entire case because Plaintiff lacked both evidence and legal authority to prevail.

As to the dismissal of Defendant's claims, Defendant does not wish to use any more of the Court's time and resources than have already been extended.  During conferral, Plaintiff's counsel stated that he believed that the dismissal of Defendant's counterclaims would be *with prejudice*, but he refused to explain why or give any citation as to how a court dismissing a claim based on mootness can dismiss the claim *with prejudice* when the court has not passed (and cannot pass) on the merits in any way.  To be clear, Defendant does not oppose a dismissal of its claims *without prejudice*.

This is not an academic exercise for Defendant—Plaintiff sued Defendant once without evidence or justification, and Defendant reasonably believes that Plaintiff is capable of filing another meritless lawsuit or assigning its patent to yet another non practicing entity who will similarly misunderstand the law and the facts. In such a circumstance, Defendant must be able to invalidate the patent in suit, which never should be been issued in the first instance. Dismissal with prejudice may interfere with that right.

Notwithstanding the position in its conferral, Plaintiff did not take a position in its motion despite asserting (without basis) that the dismissal should be with prejudice. "When a case becomes moot prior to final adjudication, the district court [is] without jurisdiction to enter the judgment, and vacatur and dismissal of the judgment is automatic." *Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016) (quotations and citations omitted). Dismissal for mootness is dismissal for lack of Article III jurisdiction for want of a case or controversy. *See id.* "It is fundamental, of course, that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal . . . must be without prejudice." *Id.* (citations and quotations omitted). Accordingly, Defendant does not oppose the motion to dismiss Defendant's counterclaims; provided, however, that the dismissal is *without prejudice* to Defendant reasserting them should that become necessary.

Dated: July 21, 2025

                                                   Respectfully submitted,

                                                   /s/ Daniel J. Vedra
                                                   Daniel J. Vedra
                                                   Vedra Law LLC
                                                   1444 Blake Street
                                                   Denver, CO 80202
                                                   Phone: (303) 937-6540
                                                   Fax: (303) 937-6547
                                                   Email: dan@vedralaw.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed and served by CM/ECF on all parties of record as of the date first written above.

/s/ Daniel J. Vedra
Daniel J. Vedra